# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FISHER ASSET MANAGEMENT, LLC**
dba **FISHER INVESTMENTS,**

    **Plaintiff,**

-v-                                          **Case No.: 2:11-cv-1126**
                                                       **JUDGE SMITH**
                                                       **Magistrate Judge Abel**

**HARRY A. RIDER,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Fisher Asset Management, LLC's Motion for Preliminary Injunction (Doc. 4). Defendants have responded and also filed a Motion to Dismiss (Doc. 12). Plaintiff's response in opposition to the motion to dismiss and the parties replies have been filed. These motions are now fully briefed and ripe for review. For the reasons that follow, Plaintiff's Motion for a Preliminary Injunction is **DENIED**. Defendants' Motion to Dismiss is **GRANTED**.

### I.    BACKGROUND

Plaintiff Fisher Asset Management, LLC, which is doing business as Fisher Investments ("Fisher Investments"), initiated this case on December 16, 2011, with the filing of a Verified Complaint and the Motion for Preliminary Injunction. Plaintiff seeks a preliminary injunction to enjoin either Defendant Harry A. Rider or Defendant Jake A. Rider from maintaining and further prosecuting his claim for arbitration currently pending before the Judicial Arbitration and

Mediation Service ("JAMS"), and declaring that if Defendant pursues his claim against Fisher Investments, he must initiate a new proceeding with JAMS.

Plaintiff Fisher Investments is a Delaware limited liability company with its principal place of business in California. Fisher Investments is an independent investment advisory firm registered with the Securities and Exchange Commission under the Investment Advisers Act of 1940. Defendants Harry A. Rider and Jake A. Rider are citizens of the State of Ohio. In March 2008, Defendant Harry A. Rider and Defendant Jake A. Rider each entered into an agreement with Fisher Investments pursuant to which Fisher Investments would provide investment advisory services to Defendants.

On or about March 7, 2008, each of the Defendants Harry A. Rider and Jake A. Rider signed a Letter of Agreement with Fisher Investments. Paragraph 18 of each of the Letters of Agreement states:

> Any dispute, claim or controversy arising out of this Agreement or otherwise between Fisher and the Client, including but not limited to the breach, termination, enforcement, interpretation or validity of this Agreement and the scope and applicability of the agreement to arbitrate contained in this paragraph, shall be determined by arbitration before the Judicial Arbitration and Mediation Service ("JAMS") office closest to the Client's principal place of residence before one arbitrator who shall be a retired judicial officer. Any claim asserted by the Client will not be joined, for any purpose, with the claim or claims of any other person or entity. The arbitration shall be administered by JAMS pursuant to the Comprehensive Arbitration Rules and Procedures. The laws of the State of Delaware shall govern the substantive rights of the parties. The arbitration shall be final and binding, and judgment on the award may be entered in any court having jurisdiction. Client understands that by agreeing to arbitration, the Client is waiving all rights to seek remedies in court, unless otherwise mandated by federal or state securities laws. This clause will not prohibit the parties from seeking provisional remedies in any court of competent jurisdiction. This paragraph shall survive termination of this Agreement.

(Ex. 1 to Verified Compl. ¶18).

On September 14, 2010, Defendants, the Riders, jointly submitted a Demand for Arbitration and Statement of Claim to JAMS. The Riders allege that Fisher Investments mismanaged their money, resulting in net out-of-pocket losses of approximately $376,000 to Harry Rider, and $153,000 to Jake Rider.

In the Arbitration, Fisher Investments requested that JAMS make an administrative determination that Defendants' claims may not be joined in a single action pursuant to paragraph 18 of the Letters of Agreement and order that the claims of one of Defendants be dismissed, but with the possibility of being refiled in a separate proceeding, as required by the Letters of Agreement. The Riders opposed Fisher Investments' request that JAMS make an administrative determination that their claims may not be joined in a single action.

On September 21, 2011, the arbitrator assigned to the Arbitration, the Honorable Wayne R. Andersen (Ret.), conducted a telephonic arbitration proceeding to address Fisher Investments' request that the arbitrator determine that the Riders' claims may not be joined in a single action. On or about September 23, 2011, the arbitrator ruled that the Riders' claims should be separated and that the appropriate procedural remedy was to assign a separate case number to each claim, hear and judge each separately, and render separate decisions. Plaintiff Fisher Investments asserts that this ruling was in error because one of the Riders' claims should have been dismissed and refiled, instead of ordering that each of the Riders' claims be heard separately.

At the time Plaintiff initiated this case, the arbitration was scheduled for March 27, 2012 through March 30, 2012. However, in its most recent filing, Plaintiff notes that the arbitrator has sua sponte rescheduled the arbitration hearings for June 26, 2012. Plaintiff asserts that the Riders, by joining their claims together and filing a single Demand for Arbitration and Statement of Claim

with JAMS, have breached paragraph 18 of the Letters of Agreement.  Plaintiff asserts that it has sustained and will continue to sustain irreparable harm as a result of the Defendants' breaches of the Letters of Agreement for which harm Fisher Investments has no adequate remedy at law.  In addition to the Plaintiff's Motion for Preliminary Injunction, Defendants have also moved to dismiss Plaintiff's Verified Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

### A. Preliminary/Permanent Injunction Standard

The Court must consider four factors in determining whether to issue a preliminary injunction and/or permanent injunction:

> (1) whether the movant has a strong or substantial likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the relief requested; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest will be served by issuance of the injunction.

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004).  These four factors are "to be balanced, not prerequisites that must be met." *Hamad v. Woodcrest Condominium Assoc.*, 328 F.3d 224, 230 (6th Cir. 2003); *see also Capobianco, D.C. v. Summers*, 377 F.3d 559, 561 (6th Cir. 2004).  Notwithstanding this balancing approach, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry.  Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

The decision to issue a preliminary injunction lies within the sound discretion of the district court. *See Golden v. Kelsey-Hayes*, 73 F.3d 648, 653 (6th Cir. 1996). As noted by the Supreme Court and Sixth Circuit, "[t]he purpose of a preliminary injunction is merely to preserve the status quo until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Certified Restoration Dry Cleaning Network, L.L.C., v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). The issuance of a preliminary injunction is an "extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

**B.   Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the

light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Plaintiff Fisher Investments seeks a preliminary injunction to enjoin either Defendant Harry A. Rider or Defendant Jake A. Rider from maintaining and further prosecuting his claim for arbitration currently pending before the Judicial Arbitration and Mediation Service ("JAMS"), and declaring that if Defendant pursues his claim against Fisher Investments, he must initiate a new

proceeding with JAMS. In addition to responding to Plaintiff's Motion, Defendants have also moved to dismiss Plaintiff's Verified Complaint on the grounds that it fails to state a claim upon which relief may be granted. The Court will first address Defendants' Motion to Dismiss as some of the arguments address whether Plaintiff's claims are properly before this Court. Then, if it is determined that the case is proper, the Court will turn to the merits of this case.

**A.    Defendants' Motion to Dismiss**

Defendants, the Riders, assert that Plaintiff's Verified Complaint should be dismissed because there is no interlocutory review and 9 U.S.C. § 4 is not applicable because the arbitration has already begun; and because the arbitrator did not err.

**1.    Jurisdiction**

Defendants argue that Plaintiff's reliance on 9 U.S.C. § 4 as grounds for bringing this lawsuit is misplaced because the arbitration has already begun. This statute provides for judicial involvement where there is an "alleged failure, neglect, or refusal of another to arbitrate." 9 U.S.C. § 4. "Where there has been no refusal to arbitrate, [a] petitioner cannot use Section 4 as a vehicle to seek review of the . . . decision about how to proceed with the arbitration process." *Warren Steel Holdings, LLC v. Williams*, 2007 WL 2688240 (N.D. Ohio 2007) (Gwin, J.) (citing *Jacobs v. USA Track & Field*, 374 F.3d 85 (2d Cir. 2004)). Defendants, the Riders, filed their demand for arbitration. The fact that they opposed Plaintiff's requests to the arbitrator does not constitute failure, neglect, or refusal to arbitrate.

Plaintiff argues, however, that unlike the cases cited by Defendants, Fisher Investments does not rely upon 9 U.S.C. § 4 as the sole basis for providing the Court subject matter jurisdiction over its claims. Rather, 28 U.S.C. § 1332 provides the Court with diversity

jurisdiction.

The Sixth Circuit in *Quixtar, Inc. v. Brady*, 328 Fed. Appx. 317, 321 (6th Cir. 2009), held that "[w]hatever the practical effect of Respondents' challenges to arbitrability, however, it is clear that the district court had subject-matter jurisdiction over Quixtar's actions and that this court has appellate jurisdiction to review the district court's decision."

The Court understands Defendants' argument and agrees that 9 U.S.C. §4 is not applicable, as this is not a case of refusal to arbitrate. Just as the district court in *Quixtar* recognized, "courts generally should not entertain interlocutory appeals from ongoing arbitration proceedings." *Quixtar v. Brady*, 2008 U.S. Dist. LEXIS 111811 (E.D. Mich. Dec. 17, 2008) (citing *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980)) ("[A] district court should not hold itself open as an appellate tribunal during an ongoing arbitration proceeding, since applications for interlocutory relief result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision."). In this case, there is no dispute that Defendants' filed their demand for arbitration and the arbitration proceedings are ongoing. Regardless of the aforementioned, Plaintiff is correct that the Court does have subject matter jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

### 2. Interlocutory Review of Arbitration Proceedings

Defendants argue that the arbitration proceeding has begun and judicial involvement in arbitration matters comes, if at all, at the beginning or at the end, but not in the middle. In the beginning, a party may file suit in the face of an arbitration agreement, or initiate a lawsuit if one party refuses to arbitrate. At the end of the arbitration, a party may file suit to seek confirmation,

or modification of an arbitration award.

As previously stated, courts generally should not entertain interlocutory appeals from ongoing arbitration proceedings. Plaintiff Fisher Investments argues that courts have reviewed non-final arbitration awards when the interim award may cause irreparable harm to one or more parties. Plaintiff relies on *Aerojet-Gen. Corp. v. Am. Arbitration Ass'n*., 478 F.2d 248, 251 (9th Cir. 1973), and *Millers Mut. Fire Ins. Co. v. Pinnacle Underwriters Mgmt. Assocs., Ltd.*, 2002 U.S. Dist. LEXIS 4319, at *3-4 (N.D. Tex. March 15, 2002).

The *Aeroject-General Corporation* Court stated that "judicial review prior to the rendition of a final arbitration award should be indulged, if at all, only in the most extreme cases." 478 F.2d at 251. The Court continued that "[t]he basic purpose of arbitration is the speedy disposition of disputes without the expense and delay of extended court proceedings. *Saxis Steamship Co. v. Multifacs International Traders, Inc.*, 375 F.2d 577 (2d Cir. 1967). To permit what is in effect an appeal of an interlocutory ruling of the arbitrator would frustrate this purpose." *Id.* Accordingly, the Court held that "court review of evidentiary rulings should not be had before a final award has been rendered. *See Compania Panemena Maritima v. J. E. Hurley Lumber Co.*, 244 F.2d 286 (2d Cir. 1957). *Cf. Application of Katz*, 3 A.D.2d 238, 160 N.Y.S.2d 159 (1957)." *Id.* However, the Court did recognize a very limited exception to this general rule in *dictum* when "the choice of locale for arbitration is not made in good faith and severe irreparable injury is inflicted on one or more of the parties. In such case the courts should be free to prevent a manifest injustice." *Id.* at 251.

Plaintiff Fisher Investments asserts that for essentially the same reason that it would be unjust to require a party to wait until a claim is decided to object to the location of the arbitration,

"it would also be manifestly unjust and subject Fisher Investments to irreparable harm to require Fisher Investments to wait until the arbitrator finally decides Defendants' "separated" claims before it could seek to enforce the non-joinder provision contained in paragraph 18 of the Letter of Agreement." (Pl.'s Reply at 9).

Thought the caselaw is very clear, that courts should generally not entertain interlocutory appeals, out of an abundance of caution, the Court will consider whether this is an extreme case in which an interlocutory appeal is necessary to prevent irreparable harm to Plaintiff. The Court does not believe that Plaintiff Fisher Investments has demonstrated that it will suffer irreparable harm. Plaintiff Fisher Investments argues that Defendants breached paragraph 18 of their Letters of Agreement by filing a single demand for arbitration. However, the arbitrator has thoroughly considered this issue as set forth in the transcript of proceedings held on September 21, 2011. The arbitrator ultimately ruled that both Harry and Jake Rider filed appropriate demands for arbitration and each case would be given separate case numbers and would be heard separately. Despite this ruling in favor of Fisher Investments, Plaintiff still argues that it did not receive the benefit of its bargain with Defendants. Plaintiff argues that the arbitrator and/or this Court should order that one of the Defendants must refile his demand for arbitration to have Defendants' claims heard by separate arbitrators. The arbitrator addressed this issue, in ruling:

> I believe that to dismiss one or both [of the Riders] because of the fact that they filed a demand for arbitration, the same paper, would be throwing out an admitted right that they have based on a technicality.
> So as far as I'm concerned, we have two arbitrations. Obviously when we have the hearings, we don't necessarily have to have people say things twice, but we'll see – you know, everyone's rights will be honored.
> If people want to stipulate that the evidence is going to be the same, we'll deal with it at that point in time, but JAMS and I will treat them as separate cases and we'll issue an order accordingly.

(Pl.'s Compl. Ex. 2 at 10).

The arbitrator continued, "I think it would be unfair and I don't see any unfairness at all to Fisher in proceeding in that way. In fact, it's probably going to end up being fair to Fisher in the sense that it will end up costing Fisher less money because they filed at the same time and the same place, rather than having Fisher run all over the place." (*Id.* at 10-11).

Plaintiff Fisher Investments argues that the arbitrator should have dismissed one of Defendants' claims and required him to refile " as required by the express terms of the Letters of Agreement." (Pl.'s Mot. at 8). However, the Court has reviewed the Letters of Agreement and it is silent regarding a remedy for misjoinder. The arbitrator, after concluding that misjoinder of the cases was inappropriate, was therefore lacking guidance as to how to remedy the problem. Regardless of whether the arbitrator relied on principles of equity and fairness or followed the law, the Court does not find that he committed an error in severing the Riders' claims into separate arbitration proceedings. While the arbitrator is not required to follow the Federal Rules of Civil Procedure, he could have looked to the rules for guidance. In fact, Rule 21 of the Federal Rules of Civil Procedure provides that "[m]isjoinder of parties is not a ground for dismissing an action." Further, in *DirectTV, Inc. v. Collins*, 244 F.R.D. 408, 411 (S.D. Ohio 2007) (Rice, J.), the Court held that the plaintiff misjoined parties under Rule 20 and the appropriate remedy was severance into individual cases before the same district judge.

In addition to legal justification for severance of the Riders' claims, the arbitrator also noted that equity and fairness justified severance of the claims. This Court agrees. It would be very costly to require one of the Defendants to refile his demand for arbitration and start the entire arbitration proceeding from the beginning. The purpose behind arbitration is to be more efficient

and cost-effective.  Requiring one of the Defendants to refile his demand for arbitration would not accomplish these principles.  Each Defendant will have a separate hearing before the arbitrator. All parties involved will have the opportunity to save some time and expenses by stipulating to some of the evidence and having both arbitration hearings at the same location and around the same time.

After careful review of the parties arguments, this Court finds that it does have subject matter jurisdiction over Plaintiff's claim, however, the Court does not find that Plaintiff has demonstrated that it will suffer irreparable harm justifying interlocutory review.  Even if such an interlocutory appeal were properly before this Court, Plaintiff has failed to demonstrate likelihood of success on the merits.  The Court finds that the arbitrator did not err in severing the Riders' arbitration proceedings, rather than having one of the Defendants refile his demand for arbitration. Further, the other preliminary and permanent injunction factors do not weigh in favor of issuing an injunction in this case.  The Court has already found that Plaintiff will not suffer irreparable harm in the absence of an injunction.  Finally, the harm to others and public interest factors weigh against the issuance of an injunction.  As stated before, the purpose behind arbitration is to be more efficient and cost-effective than litigation.  All the parties involved would be harmed if one of the Defendants were ordered to refile his demand for arbitration and commence the arbitration proceedings from the beginning.  Further, the public interest weighs against an injunction because if every ruling during an arbitration proceedings could be subjected to a lawsuit then arbitration would no longer be an attractive alternative to litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction and **GRANTS** Defendants' Motion to Dismiss.

The Clerk shall remove Documents 4 and 12 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**